# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE H. GARCIA,

                Plaintiff,

-vs-                                Case No. 6:08-cv-0706-Orl-28GJK

RICCY'S LANDSCAPING SERVICES INC.,
and RICCI CARABEO,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO ENTER STIPULATED ORDER APPROVING SETTLEMENT** (Doc. No. 16) |
| **FILED:** | **January 16, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 16, 16-2.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 6, 16 at ¶ 2. Each party was represented by independent counsel who were obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claim in exchange for a release of all claims for a total sum of $29,046.16, representing $18,046.16 in unpaid overtime wages, including liquidated damages, and $11,000.00 in attorney's fees and costs. Doc. No. 16-2 at ¶ 3. The payout breakdown of the Agreement is as follows:

> (a) On or before January 15, 2009
> (i) to [Plaintiff's counsel], a payment in the gross sum of $2,200.00 (for attorney's fees and costs, and additional consideration for this agreement);
> (ii) to Plaintiff, a payroll style check in the gross amount of $3,609.23, less applicable deductions and withholdings (for unpaid wages/overtime);
> (b) On or before February 15, 2009
> (i) to [Plaintiff's counsel], a payment in the gross sum of $2,200.00 (for attorney's fees and costs, and additional consideration for this agreement);
> (ii) to Plaintiff, a payroll style check in the gross amount of $3,609.23, less applicable deductions and withholdings (for unpaid wages/overtime);
> (c) On or before March 15, 2009
> (i) to [Plaintiff's counsel], a payment in the gross sum of $2,200.00 (for attorney's fees and costs, and additional consideration for this agreement);
> (ii) to Plaintiff, a payroll style check in the gross amount of $1,754.62, less applicable deductions and withholdings (for unpaid wages/overtime);
> (iii) to Plaintiff, a non-payroll style check in the gross and net amount of $1,754.61, with no deductions or withholdings (for liquidated damages);

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

>>> (iv) to Plaintiff, a non-payroll style check in the gross and net amount of $100.00, with no deductions or withholdings (for other intangible damages and as additional consideration for a full release);
>>> (d) On or before April 15, 2009
>>> (i) to [Plaintiff's counsel], a payment in the gross sum of $2,200.00 (for attorney's fees and costs, and additional consideration for this agreement);
>>> (ii) to Plaintiff, a non-payroll style check in the gross amount of $3,609.23, with no deductions or withholdings (for liquidated damages);
>>> (e) On or before May 15, 2009
>>> (i) to [Plaintiff's counsel], a payment in the gross sum of $2,200.00 (for attorney's fees and costs, and additional consideration for this agreement);
>>> (ii) to Plaintiff, a non-payroll style check in the gross amount of $3,609.23, with no deductions or withholdings (for liquidated damages).

Doc. No. 16-2 at ¶ 3. Plaintiff did not file answers to court interrogatories and the Defendants did not file verified summaries. However, in the Motion, the parties state that they exchanged interrogatories and a verified summary of hours. Doc. No. 16 at ¶ 3. After reviewing the corporate Defendant's payroll records and Defendants' Answer and Affirmative Defenses (Doc. No. 6), Plaintiff agrees that the amount of the Agreement represents payment-in-full of his claims for unpaid overtime wages, liquidated damages, and attorney's fees and costs. *Id.* at ¶ 7. In the Motion, Plaintiff acknowledges that the original amount sought for unpaid overtime wages alone was $17,820.00. Id. at 12. Plaintiff explains the discrepancy between the amount originally sought and the amount agreed upon to settle the case by stating that his original calculation was based on a rate of time and a half. *Id.* at 12. However after reviewing the records, Plaintiff agrees that if he is entitled to any unpaid overtime compensation, he would only be entitled to compensation at a half-time rate. *Id.* The undersigned finds the proposed

Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Joint Motion (Doc. No. 16) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 21, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.